UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DAVID A. SILVIA                              :
                                             :
        v.                                   :        C.A. No. 15-349ML
                                             :
UNITED STATES OF AMERICA                     :


**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge


        Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv

72(a)) is the Motion to Dismiss filed by Defendant United States of America.  (Document No. 6).

Plaintiff David A. Silvia filed an Objection.  (Document No. 9).  After reviewing the memoranda

and relevant legal research, I recommend that Defendant's Motion to Dismiss be GRANTED.

        **Background**

        Plaintiff, proceeding pro se, is a Veteran of the United States Coast Guard, having served for

fourteen years.  (Document No. 9 at p. 1).  His Complaint stems from complications following

cataract eye surgery that took place in January 1998, and seeks damages from the United States

Department of Veteran Affairs (the "VA").  (Document No. 1 at p. 1).  Plaintiff contends that his

1998 cataract surgery was "botched" which resulted in a torn retina in July 2000 and two subsequent

surgeries in August and November 2000.  Id.  Plaintiff asserts that he suffers permanent blindness

in his left eye as a result of these events.  Id.

        Plaintiff states that he was previously employed as a professional truck driver, but lost his

CDL license as a result of blindness.  Id.  Moreover, he asserts that the VA failed to offer him

rehabilitation following these events, which prevented him from obtaining new gainful employment. Id.

Mr. Silvia notes that he filed a 38 U.S.C. § 1151 claim with the VA for benefits and was awarded a 10% non-service rating for blindness in his left eye. Id. Plaintiff claims he was "denied un-employability" and had been appealing this determination until 2014, at which point he was told his appeal was "an incorrect procedure and [he] should seek a tort claim...." Id. at pp. 1-2. Plaintiff subsequently filed the present tort claim, seeking damages in the amount of $200,000.00. Id. at p. 2.

Plaintiff additionally notes that from 2000 through 2003, he "tried to return to gainful employment and failed." (Document No. 9 at p. 1). He states that the VA did not support him or help him "understand [his] disability, educate [him], or offer any assistance to assist [him] to gain new employment." Id. In his Objection he notes that he "sought assistance from several Veterans agencies, ie American Legion service officer, DAV service officer, along with several inquiries to Senator Sheldon Whitehouse, Congressman David Cicilline, and Senator Warren." (Document No. 9 at p. 2). He notes that "[e]ach of these agencies fail to instruct me as how I should proceed which I find blame to the US Government failure to assist Disabled Veterans." Id.

**A.      Dismissal Standard**

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995). If under any theory the allegations are sufficient to state a cause of

action in accordance with the law, the motion to dismiss must be denied.  <u>Vartanian v. Monsanto Co.</u>, 14 F.3d 697, 700 (1st Cir. 1994).

While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation.  <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of <u>Conley v. Gibson</u>, 355 U.S. 41, 44-45 (1957)).  "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." <u>Thomas v. Rhode Island</u>, 542 F.3d 944, 948 (1st Cir. 2008) (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 559).  <u>See also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 ("[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief").  The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but instead, "the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor."  <u>Sepulveda-Villarini v. Dep't of Educ. of P.R.</u>, 628 F.3d 25, 30 (1st Cir. 2010).  In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to the facts alleged in Plaintiff's Complaint, it fails to state any viable legal claims.

**B.      Discussion**

The Federal Tort Claims Act ("FTCA") permits an individual to bring suit against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA constitutes a "limited congressional waiver of the

sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment [similar to private parties in similar circumstances]." Santoni v. Potter, 369 F.3d 594, 601 (1st Cir. 2004).  In order to bring suit, however, a claimant must exhaust his administrative remedies, and comply with the two-year statute of limitations.

"The FTCA [ ] prescrib[es] that '[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues.'" Patterson v. United States, 451 F.3d 268, 270 (1st Cir. 2006) (quoting 28 U.S.C. § 2401(b)). This requirement, which ensures "that the government is promptly presented with a claim while the evidence is still fresh, is to be strictly construed in the government's favor." Id.; Barrett ex rel. Estate of Barrett v. United States, 462 F.3d at 36 ("Section 2401(b) limits the time a claimant has to file its administrative tort claim and complaint, respectively."). Kodar, LLC v. U.S. (F.A.A.), 879 F. Supp. 2d 218, 224-226 (D.R.I. 2012).

In the present case, Plaintiff first presented his claim to this Court at least fifteen years after the claim accrued.  Although Plaintiff notes that he was seeking relief through the "BVA Appeals," this is a separate process concerning his benefit claims that does not bear any impact on the statute of limitations applicable to the tort claim he is pursuing in this civil action.   Plaintiff's Complaint and Objection plainly set forth that he was aware of his injury from at least 2000, and in fact acknowledges that he has spent "15 years of fighting for the proper compensation for the US Government actions that turned this healthy Veteran into what [he is] today." (Document No. 9 at p. 2).  Although the Government concedes that equitable tolling is generally available to toll the statute in an FTCA case, the Government argues that Plaintiff has not set forth any facts that allege that he was "misled in any way, tricked or induced by the government to miss the filing deadline."

-4-

(Document No. 6-1 at p. 5).  The Court agrees.  As noted, the BVA Appeals process does not toll the statute of limitation for an FTCA claim, and Plaintiff's attempts to receive rehabilitation also do not excuse his filing outside of the limitations period.  Although Plaintiff's circumstances are sympathetic and unfortunate, there has been no evidence presented that would support a tolling of the applicable statute of limitations.  Accordingly, I must conclude that Plaintiff's FTCA claim is barred by the two-year statute of limitations set forth in 28 U.S.C. § 2401(b).

**Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss (Document No. 6) be GRANTED and that final judgment enter in favor of Defendant on all claims in this action.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 11, 2016